**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4062**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY LEE MOORE, a/k/a Bug,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:05-cr-00031-MR-WCM-4)

Submitted: July 30, 2019            Decided: August 20, 2019

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Todd Mosley, MOSLEY LAW FIRM, PC, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lee Moore appeals the 30-month sentence imposed upon revocation of his supervised release. Moore's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion by imposing a sentence within the advisory policy statement range. Moore has filed a pro se supplemental brief raising one issue.[*] We affirm.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In conducting this analysis, we rely generally on "the same procedural and substantive considerations that guide our review of original sentences." *Padgett*, 788 F.3d at 373 (alteration and internal quotation marks omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the . . . sentence after considering the . . . Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted);

---

[*] Moore argues that under *United States v. Haymond*, 139 S. Ct. 2369 (2019), the court abused its discretion by imposing the 30-month revocation sentence after the court, rather than a jury, found that Moore violated the conditions of his supervised release. We conclude that *Haymond* does not apply because Moore was not subject to a mandatory minimum term of imprisonment under 18 U.S.C. § 3583(k) (2012).

2

*see* 18 U.S.C. § 3583(e) (2012) (listing applicable factors). A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding "that the defendant should receive the sentence imposed." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (internal quotation marks omitted). Ultimately, the court retains "broad discretion" to impose a revocation sentence "up to the statutory maximum." *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted).

In view of these standards, we discern no procedural or substantive unreasonableness in Moore's sentence. The district court properly calculated an advisory policy statement range of 30 to 37 months' imprisonment. The court acknowledged that Moore had a previous record of good behavior and employment while on supervised release. However, the court also considered Moore's breach of the court's trust when he engaged in conduct similar to that for which he was originally sentenced. We conclude that the district court did not abuse its broad discretion in determining that a sentence at the bottom of the policy statement range was warranted on these grounds.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*